UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDMOND GASAWAY, | No. CV 19-232 JLS (FFM) |
| Petitioner, | ORDER RE SUMMARY DISMISSAL OF ACTION |
| v. | |
| WARDEN SWAIN, | |
| Respondent. | |

On February 5, 2019, petitioner filed what is captioned a Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody. Petitioner alleges that he is currently confined at the Federal Correctional Institution in Victorville, California ("FCI Victorville"). Petitioner claims as grounds for relief: (1) lack of proper and adequate medical care; and (2) deliberate and unreasonable delay and termination of medical needs.

Petitioner's claims are not directed to the legality or duration of petitioner's current confinement. Rather, petitioner's claims are directed to conditions of confinement allegedly experienced by petitioner at FCI Victorville.

The Writ of Habeas Corpus is limited to attacks upon the legality or duration of confinement. *Crawford v. Bell*, 599 F.2d 890, 891 (9th Cir. 1979) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484-86 (1973)). "A civil rights action, in contrast, is the proper method of challenging 'conditions of . . . confinement.'" *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (quoting *Preiser v. Rodriguez*,

411 U.S. at 498-99); *see also Young v. Kenny*, 907 F.2d 874, 875 n.1 (1990). Petitioner's claim as presently alleged does not implicate the legality or duration of confinement, but rather concerns the conditions of his confinement.

The Court does have discretion to construe petitioner's habeas petition as a civil rights complaint. *See Wilwording v. Swenson*, 404 U.S. 249, 251, 92 S.Ct. 407, 30 L. Ed. 2d 418 (1971); *Hansen v. May*, 502 F.2d 728, 729 (9th Cir. 1974). In this instance, however, the Court chooses not to exercise such discretion.

Provisions of the Prison Litigation Reform Act of 1995 ("PLRA") may make it inappropriate to construe a habeas petition as a civil rights complaint. Given the filing fee requirements of the PLRA, its provisions requiring *sua sponte* review of complaints, and limits on the number of actions a prisoner may be permitted to file *in forma pauperis*, a prisoner should not be obligated to proceed with a civil rights action unless it is clear that he wishes to do so. *See* 28 U.S.C. §§ 1915 & 1915A; 42 U.S.C. § 1997e; *Bunn v. Conley*, 309 F.3d 1002, 1007 (7th Cir. 2002) (stating that courts should not recharacterize the nature of a prisoner's claim because the PLRA and the Antiterrorism and Effective Death Penalty Act of 1996 created "pitfalls of different kinds for prisoners using the wrong vehicle"); *cf. Blueford v. Prunty*, 108 F.3d 251, 255 (9th Cir. 1997) (stating that a court should not convert a civil rights action into habeas petition because of the implications of the abuse of the writ doctrine).

If petitioner wishes to pursue a civil rights action, he should use the appropriate form and pay the appropriate filing fee (or demonstrate that he is unable to pay the fee[1]). Petitioner is advised that pursuant to 42 U.S.C. § 1997e(c)

---

[1] Petitioner is advised that if he files a Request to Proceed in Forma Pauperis with respect to a civil rights action and such request is granted, petitioner will only be excused from paying the full fee *in advance*. Petitioner nonetheless would be required to make monthly payments on the fee until it is paid in full. In this regard, 28 U.S.C. § 1915(b)(1) provides, in part:

2

he must exhaust his administrative remedies before commencing his civil rights action. In addition, any civil rights complaint filed by petitioner will be subject to screening, for purposes of determining whether the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997e(c).

For the foregoing reasons, the Petition is dismissed without prejudice. IT IS SO ORDERED

DATED: February 15, 2019

_____
JOSEPHINE L. STATON
United States District Judge

Presented by:

/S/ FREDERICK F. MUMM
FREDERICK F. MUMM
United States Magistrate Judge

---

> [I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of -
> 
> (A) the average monthly deposits to the prisoner's account; or
> 
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.
> 
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

3